UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LESLIE MURILLO,

    Plaintiff,

        v.                                                  No. 3:16-cv-403(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X


## RULING ON PENDING MOTIONS

This is an administrative appeal following the denial of the plaintiff, Leslie Murillo's, application for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income benefits ("SSI"). It is brought pursuant to 42 U.S.C. § 405(g).[1]

Plaintiff now moves for an order reversing the decision of the Commissioner of the Social Security Administration (the "Commissioner"), or in the alternative, an order remanding her case for a rehearing. [Doc. # 17]. The Commissioner, in turn, has moved for an order

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. §§ 404.929; 416.1429. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. §§ 404.967; 416.1467. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

affirming her decision. [Doc. # 20]. For the reasons set forth below, Plaintiff's motion is granted, and the Commissioner's motion is denied.

## LEGAL STANDARD

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258.

## BACKGROUND

a. **Facts**

Plaintiff filed her applications for DIB and SSI on April 11, 2012, alleging a disability onset date of February 1, 2011. Her claims were denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On July 15, 2014, a hearing was held before administrative law judge Ronald J. Thomas (the "ALJ"). On October 28, 2014, the ALJ issued a decision denying Plaintiff's claims. The Appeals Council denied review of the ALJ's unfavorable decision. This action followed.

Plaintiff was forty-eight years old on the alleged onset date. She has a high school education and past work experience as a nurse's aide and fast food restaurant manager. She last worked in 2010 as a home health aide. Plaintiff's medical history is set forth in the Joint Medical Chronology the parties filed. [Doc. # 27]. The Court adopts this medical chronology as represented and incorporates it by reference herein.

b. **The ALJ's Decision**

The ALJ followed the sequential evaluation process for assessing disability claims.[2] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. §§ 404.1520 (a)(4)(i)-(v); 416.920(a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the

alleged onset date. (R. 15). At Step Two, the ALJ found the following severe impairments: mood disorder; anxiety disorder; fibromyalgia; narcolepsy without cataplexy; degenerative disc disease of the lumbar spine associated with myofascial pain; osteoarthritis of the right knee. (R. 15). At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 16). Next, the ALJ determined Plaintiff retains the following residual functional capacity[3]:

> Plaintiff can perform light work except she is limited to only occasional interaction with the public, coworkers, and supervisions; she can perform work in a supervised, low stress environment requiring few decisions; she has occasional limitations with bending, stooping, twisting, squatting, kneeling, crawling, balancing, and climbing.

(R. 18). At Step Four, the ALJ found Plaintiff was unable to perform her past relevant work. (R. 27). Finally, at Step Five, the ALJ relied on the testimony of a vocational expert in finding there are jobs existing in significant numbers in the national economy Plaintiff can perform. (R. 28). Specifically, a person with Plaintiff's RFC and vocational factors would be able to perform the positions of small products assembler, mailroom clerk, and laundry linen folder. (R. 28). Accordingly, the ALJ found Plaintiff not to be disabled.

## **DISCUSSION**

Plaintiff argues that remand is required because, at Step Three, the ALJ did not explain why her impairments did not meet or medically equal Listing 1.04C. At the third step of the evaluation process, the ALJ must determine whether a claimant's impairments meet or medically equal a listed impairment. If an impairment meets or equals a listed impairment, the claimant

---

Commissioner bears the burden of proof on this last step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

[3] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite her limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

4

will be found disabled. 20 C.F.R. 404.1525; 416.925. In order to meet or equal a listing, the impairment "must meet all of the specified medical criteria." *Loescher v. Berryhill*, No. 16-CV-300FPG, 2017 WL 1433338, at *3 (W.D.N.Y. April 24, 2017). The claimant has the burden of showing an impairment meets or equals a listing. *Yeomas v. Colvin*, No. 13-CV-6276P, 2015 WL 1021796, at *17 (W.D.N.Y. Mar. 10, 2015).

In making a determination at the third step in the evaluation process, the ALJ is tasked with articulating "the specific reasons justifying his decision that the claimant does or does not meet the relevant listing," and failure to do so can be the basis for remand. *Howarth v. Berryhill*, No. 3:16-CV-1844(JCH), 2017 WL 6527432, at *5 (D. Conn. Dec. 21, 2017). When a court, in reviewing an ALJ's determination at Step Three, is "unable to fathom the ALJ's rationale in relation to evidence in the record," remand is necessary. *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). This is true "especially where credibility determinations and inference drawing is required of the ALJ." *Id.* Thus, it is "the ALJ's responsibility – and not the job of the Commissioner's attorney – to build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review." *Loescher*, 2017 WL 1433338, at *3 (internal quotation marks omitted). Nevertheless, when an ALJ's decision excluding an express rationale in support of the Step Three finding contains, overall, "clearly credible evidence" supporting the conclusion, remand is not required. *Berry*, 675 F.2d at 469.

Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (R. 16). In making this finding, the ALJ stated that the evidence of record would not warrant a conclusion that the requirements of Listings 12.4 and 1.04 were met. (*Id.*). The ALJ then explains why the specific elements of Listing 12.04 were not satisfied. He does not, however, provide any explanation of why he

5

concluded that Plaintiff did not meet or equal the specific requirements of Listing 1.04. Accordingly, the Court is unable to conduct a meaningful review of the ALJ's Step Three finding.

> Listing 1.04C, Disorders of the Spine, provides, as relevant:
>
> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord … With Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing1.04C. Thus, in order to establish that she meets Listing 1.04C, "Plaintiff must demonstrate that she suffered (1) lumbar spinal stenosis with pseudoclaudication, (2) chronic nonradicular pain and weakness, and (3) an inability to ambulate effectively." *Gonzalez v. Colvin*, No. 15-CV-2159 (MKB), 2016 WL 5477591, at *13–14 (E.D.N.Y. Sept. 28, 2016) (explaining the requirements of Listing 1.04C). Spinal stenosis is defined as "the narrowing of the lumbar or cervical spinal canal. Stenosis manifests in several variations, including central stenosis (the narrowing of the entire central spinal canal) or foraminal stenosis (the narrowing of the foramen through which the spinal nerve exits the spinal canal)." *Sickler v. Colvin*, No. 14 CIV. 1411 JCF, 2015 WL 1600320, at *9 (S.D.N.Y. Apr. 9, 2015) (citations omitted). An inability to ambulate means "an extreme limitation of the ability to walk ... [and] having insufficient lower extremity functioning [ ] to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.00B2b(1).

In this case, while there is evidence that Plaintiff's back impairment does not meet or equal Listing 1.04C, there is evidence that she does; thus, the Court is unable to meaningfully

6

review the ALJ's decision because the ALJ fails to explain how the contradictory medical findings support his conclusion that the requirements of Listing 1.04C are not satisfied. As counsel for the Commissioner points out, there is medical evidence to support the ALJ's Step Three finding. But, as Plaintiff asserts, there is also evidence to the contrary. For example, an October 2011 MRI of the lumbar spine shows multi-level degenerative changes, disc bulge with foraminal narrowing at L3 and L4, disc protrusion and L4 and L5, and disc bulge with neural foraminal narrowing at L5 and S1. (R. 484-85). A July 2012 CT scan of the lumbar spine shows disc bulge, moderate spinal canal stenosis, neural forminal narrowing bilaterally, and possible compression of the traversing left S1 nerve root. (R. 444). A February 2013 MRI of the lumbar spine shows mild to moderate spondylosis and an extraforaminal disc bulge abutting the L3 nerve root. (R. 535). Plaintiff's neurologist noted that the imaging studies indicate severe stenosis with nerve involvement. (R. 739). In addition, a review of the record as a whole makes clear that Plaintiff regularly presented with low back pain and severe tenderness. (*See*, for example, R. 354, 411, 412, 474). Finally, there is some evidence that Plaintiff had an inability to ambulate effectively; treatment providers noted antalgic gait, a noticeable limp, difficulty walking, and occasional use of an assistive device. (R. 467, 474, 747).

     In sum, there is conflicting evidence as to whether Plaintiff meets or equals Listing 1.04. The ALJ's opinion does not explain how this evidence was assessed with respect to the listing's specific criteria. Consequently, the Court "cannot conclude that the ALJ's determination is supported by substantial evidence because he failed to explain his reasoning and there is conflicting medical evidence in the record." *Loescher*, 2017 WL 1433338 at *5. *See also Howarth*, 2017 WL 6527432 at *7 (remanding when the ALJ did not articulate reasons for finding claimant did not meeting a listing, and thus the court was unable to review whether the

7

ALJ actually considered the conflicting medical evidence); *Perozzi v. Berryhill*, No. 17CIV825(GWG), 2018 WL 1157829, at *11 (S.D.N.Y. Mar. 5, 2018) (remanding when the ALJ provided no explanation of the Step Three rationale, noting that the conflicting evidence was not for the court to reconcile).

The Court expresses no opinion on whether Plaintiff does, in fact, meet or equal Listing 1.04C. That is not for this court to decide. "Although it may be the case that the ALJ would ultimately have decided that plaintiff's impairment did not meet or equal the requirements of [the listing], this possibility does not relieve the ALJ of his obligation to discuss the potential applicability of [the listing], or at the very least, to provide plaintiff with an explanation of his reasoning as to why plaintiff's impairment did not meet any of the listings." *Norman v. Astrue*, 912 F.Supp.2d 33, 81 (S.D.N.Y. 2012). Accordingly, this matter is remanded for further proceedings consistent with this ruling. The ALJ is also directed to consider Plaintiff's additional arguments on remand.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand [Doc. # 17] is GRANTED and the Commissioner's motion to affirm [Doc. # 20] is DENIED. This case is remanded to the Social Security Administration for further proceedings.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c). The Clerk's Office is instructed that, if any party appeals to this Court the decision made after this remand, any

subsequent social security appeal is to be assigned to the Magistrate Judge who issued the Ruling that remanded the case.

SO ORDERED, this  6th  day of April, 2018, at Bridgeport, Connecticut.

*/s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge